Good morning. Justices, my name is Tom Needham. I'll be arguing. I'm joined today by Lauren Cannizzaro. She's an associate at my firm. I would like to save three minutes for rebuttal, presuming we're using the 15-minute free time rule. We tend to be very understanding on this panel, so you can use as much time within reason as you think you need, and we'll give you time for rebuttal. Yes, sir. So good morning, Your Honors. My name is Justin Hooper. I represent the superintendent, and I'll take the 15 minutes, please. Very well. Thank you. Mr. Needham. Okay. Good morning again, Justices. I'm here because my client, James Castro, believes that the charges that were filed against him at the Chicago Police Board were not brought in a timely fashion. First, I want to address the standard of review in this case. We're dealing with a situation where there is no reported decision in the Illinois appellate court, in any district, interpreting this statute. Interpreting a statute is a de novo question. I pointed it out in my brief. I would point out, too, that when this case was before the police board, when they asked for the parties to submit briefs on this case, they did in the city's brief, and this is at page 666 of the records stated before the board that, quote, since interpreting a statute is a de novo question of law, there is no deference to the board. And then the city's brief cited two other cases from this court that stand for that general legal proposition. So we're starting with a clean slate here. The question for the court is whether or not the charges filed against my client on December 13, 2012, by the superintendent of police is based upon, or were based upon, the incident that happened on August 6, 2006. I submit to the court that the test that we should be using in applying this statute to this type of situation is... What statute are we talking about? The statute is the, I think it's a section of the Illinois Municipal Code, and it's found at 65 ILCS 5-10-1-18.1, and it was enacted in 1992. And the statute provides as follows that if a charge is based upon an allegation of the use of unreasonable force by a police officer, the charge must be brought within five years after the commission of the act upon which the charge is based. So the key words here are, is based upon. And the question in the Castro case here is, is the charge that was filed against him based upon what happened on August 6, 2006? And I submit it was. And the test that I think we should be using in this case, and I think that logic and justice demands in this case, is whether or not the charges, did they, what is the essence or the gist of the case? Well, let's start with this. Do you think the statute is ambiguous or unambiguous as far as the phrase you just mentioned? I submit it's unambiguous. It's clear. It's a challenge for the court because there's no precedent to look for. But is based upon... Well, is it is based upon or is it is based upon the acts giving rise to the charge? Well, if it's the acts giving rise to the charge, some may argue that the act of filing a false police report is irrelevant with respect to consideration of what the police report was about. Right. But when the police board confronted this issue, there were three members, Justice Pierce, who dissented. And I submit that they got the analysis exactly right because, as they said, Jackson's initial allegation of physical maltreatment accompanied by a threat of physical harm is an allegation of unreasonable force that led directly to all of the charges being filed in this case. If Jackson had not called 911 and made this allegation, none of the charges against Castro would have been filed with the police board. Here's why it's important that we rely on the actual acts or the actual incident that gave rise to it, is because rather than the standard that the city is suggesting, which is that we should analyze the elements of the specific rules violations that the superintendent intends to bring. If you look at the charges that are available, the possible charges that the superintendent of police can bring against a police officer, you have not just... It's in the Chicago Police Board. It's the Rule 8 and Rule 9 are the ones the police board decided were not brought in a timely fashion. And they prohibit... Rule 8 says you can't disrespect or maltreat anyone. And Rule 9 says you cannot engage in unjustified physical altercation. But there's these other rules that were brought in this case and that are brought typically in cases before the police board. There's a Rule 2 that says it's against the rules to bring discredit or disrespect upon the department. There's another Rule 10 that prohibits inattention to duty. And Justice Peterson, in response to the comparison of the remark you just made about the false police report, if the city's approach to this is accepted, what you wind up with is no statute of limitations. No question about it. Right. And that cannot possibly be what the General Assembly intended when they imposed this five-year limit. It was motivated by something. But before the law went into effect in 1992, there was no time limit imposed upon police chiefs to bring these... Does that only apply to the unreasonable use of force? Yes. The statute... What the statute says is... More specifically, the statute says an allegation of the use of unreasonable force. Right. You know, it's based on an allegation. Why are we discussing X? It says based on an allegation of the use of unreasonable force. Well, because the statute also says it has to be brought within five years after the commission... I get the limitations period. But it says based on an allegation of the use of unreasonable force. There are 14 charges where they found that this limitation period did not apply. Correct? Right. Do any of those charges involve an allegation of the use of unreasonable force? Not those charges. So if you take the approach that we're just going to look at the elements in the charges that the superintendent brought, they don't specifically refer to it. But they're based on an incident that would not have... This case would not have been at the police board if Mr. Jackson had not made a claim of the use of unreasonable force. And so if you allow a superintendent of police or a head of a police department to say, okay, more than five years has passed so we won't accuse this officer of disrespect or use of unreasonable force, but we'll accuse him of inattention to duty or discrediting the department, then there's no time limit. How can that possibly be squared or made consistent with the fact that the General Assembly and the governor decided there should be a time limit for bringing these cases? It can't. You wind up with a situation where, in fact, when a police officer takes someone into custody, if they use force, then they typically write in their reports, and I think the members of this court will have some experience with this in your past, the use of force was reasonable and necessary to subdue the arrestee. So if the superintendent of police wants to wait six years or eight years or twenty years and decide, well, we think that that statement that you made in your report was a false police report, therefore we're going to fire you, that would not be fair. That would basically mean the person's being fired for some misconduct that happened before the statute of limitations expired and they waited so many years. What would be the prohibition? I think we all see your point. We see the city's point. But for example, in this case, one of the charges was that the officer left his district. He went south of Fullerton Avenue to Webster, a big one block south. Now that was a charge that they brought and they sought his dismissal for that. What if the complainant in this case never filed the brutality or unreasonable use of force claim? However, ten years after the event, somebody came across a video at the restaurant that showed this police officer outside the restaurant. Ten years afterwards, okay? What would stop the superintendent from filing a charge seeking his dismissal for leaving the confines of the 19th District? Well, if that was all that was in the case and it was all that was in the charge, nothing would stop him from filing the charge. But as a practical matter... Well, he wouldn't. If that was all that was in the case and there was nothing in the case about using unreasonable force or physically abusing someone allegedly, he wouldn't have that. He'd have an argument saying this is a ridiculous and draconian punishment based on these facts and also based on the passage of time. We don't have that here. But that's the point though. The point here is he was discharged for among other things being outside the district. He was discharged for filing a false police report. He was discharged for not protecting the city property by allowing the window to be shattered. Right. And not handcuffing Jackson. Okay. All right. Now, if you take Jackson's complaint out of it, if Jackson came forward seven years later and said on this date seven years ago he improperly handcuffed me and I kicked the window out of the squad car, what would stop or prohibit the superintendent from seeking his discharge? Under the strict application of this statute to those facts, nothing. Of any rule, regulations, ordinance, statute, anything. Is there any? Well, you do have, there's a, the department has general orders and the city has an ordinance that calls generally for prompt investigations and prompt action. I guess what the court should be doing, what the police should be doing is looking at the actual incident or the gist of the offense and not looking at the charges the superintendent has to file. Because it would just, it just gives the superintendent too much discretion and allows for this kind of gamesmanship and foot dragging which is completely inexplicable. In the brief that the city filed for the police board, they referred to a case, and I want to say as I was preparing for this oral argument, I want to admit that I regret that I did not cite this case in my brief, but it is in the record and it's called McDaniel v. Chevron Corporation and it's cited at page 335 of the record. It's from the 9th Circuit in the year 2000, 203 Bed 3rd 1099. And it was an ERISA case that dealt with this phrase, is based upon. The question in that case was whether or not the person's pension benefits were based upon an actuarial table. And so they did some research about the statute there and how it should be used and the court there said that in the context of statutory interpretation, courts have held that the plain meaning of based on is synonymous with arising from and ordinarily refers to a starting point or a foundation. And then there's a series of cases from other circuits and from state courts as well. And that's a 17-year-old case and I think that that's a helpful analysis in this case. And that's, without citing it, that's what the foundation or what's this case really about. And what the Castro case was really about is the allegation that the superintendent was making that Castro used excessive force on Jackson. And he waited over six years before they brought that charge and they also added these other charges which, by the way, a charge for filing a false statement or making a false statement could be brought by any superintendent at any time in an officer's career because as a condition of their employment, the officers are required to cooperate in the internal investigations and they can be compelled to come in and give statements. So you could have a situation where someone waits, there's an incident that happens and you wait six or eight or ten years and then summon the officer in to give a statement and if he denies that he committed the unreasonable use of force and then fire him for the false statement that he made six or eight years later, that can't, that's not consistent with what Governor Castro's real signing statement and what motivated the General Assembly to enact this law in the first place. There's a reason for these time limits. The legal system has adapted quite well to the fact that there's time limits in the bringing of cases. Everyone who's a practicing lawyer, every judge knows this. The time limit imposed here actually is quite generous. Wrongful death cases and medical malpractice cases have two-year statute of limits. The superintendent of the Chicago Police Department and the people who work for him have five years to investigate an allegation and to bring a charge and that's plenty of time. And you can see, although there's no case right on point in the Illinois Appellate Court, you can see that this issue is a recurrent one, in fact a chronic one, before the police board because there's a number of cases that were cited by the parties with the police board orders attached where you can see that this is an ongoing issue. There's a case involving an officer named Traynor. There's an officer named Vigueras. There's an officer named Askew. All these cases are in the record. There's another case, by the way, that's pending in front of this court. I'm not sure what division and I'm not an attorney of record, but there's a case that's referred to in this record involving police officers named Borsa and Murphy who were prosecuted after the passage of a significant period of time. They were fired and Judge Pantley and Chancellor Coe reversed it and that case is up here somewhere. So this issue is squarely, I mean it's pertinent. And as I said, in this case, it's interesting to note, in this case, there was never an effort or any explanation as to why this delay was present in this case. The incident happened in August of 2006. The way he was interviewed, by May of 2007 Castro was interviewed. Everything that could be known about this case was known at the time by the spring of 2007. And the charges were filed until December 13, 2012. And the only half-baked or inadequate explanation for why that was was that there was some kind of paperwork screw-up. That's it. Five years is plenty of time to bring one of these cases. And for that reason... Do you know whether it's ever been a topic of collective bargaining between the paternal order of police and the city as to the timeliness of bringing discharge proceedings against an officer? I do know that because of experiences I have that are outside the record. I do know that in the collective bargaining agreement, there's time limits imposed on how long the city can keep certain records, how long they can use them. But until this, my sense is that with the enactment of this law in 1992, there was a time limit in place, at least for this category of police misconduct cases, and that the parties were content with that. We all know that the purpose of a statute of limitations is to discourage the presentation of stale claims, to encourage diligence, and thirdly, and just as importantly, to make things easier and more manageable and workable for the back-finders in these cases, whether they be courts or administrative agencies. We saw that in this case. Mr. Jackson, in the police board room, is less than the size of the space that we're in right now. He looked around the room and said he did not see the officer that he encountered, and he complained that so much time had passed. Two of the police officers, an evidence technician and a sergeant, were called to testify at this hearing, by the way, which was in the spring of 2013 about an incident that happened in 2006. They were unable to remember anything about the incident and were just shown their reports and basically testified by past recollection recorded. So that's a concern, too. And I know what we're talking about here is that, you know, this happens. Someone misses a statute of limitations. If it happens in a law firm, a case that someone wanted to file couldn't be brought. In this case, I'm sure that the people on the superintendent side believe they have a compelling reason to fire Officer Castro. But the law puts these time limits in, and the sanction for not meeting it is that you can't bring your case anymore. We've all dealt with this. If a law firm blows the statute of limitations, then that's what happens. The case can't be brought. There's going to be some kind of accountability. In most places, heads will roll if that sort of thing happens. A decision from this court adopting the same approach that the dissenters and the police board use will send a very clear message that these cases cannot sit for years and years like this one did when the investigation was basically concluded in the May of 2007 with Castro's interview. Nothing happened for the rest of 2007, 2008, 2009, all the way to 2012. And by the way, according to the evidence and record, Castro continued to work. He wasn't put on desk duty or nothing was limited about his ability. He continued to make arrests, go to court and testify, interact with people. He continued his job as a patrol officer. And if we want to stop that, if that's what the point is to enforce these statute of limitations, a published opinion from this court saying that the superintendent waited too long to bring this charge against Officer Castro will do exactly that. And you won't have all these other cases like what we have right now, these litany of cases I cited just a few minutes ago. You won't have it. They'll get the message. And that's the point. That's the point of having the statute of limitations. At some point, if too much time passes, your rights to enforce an action are gone. It's that simple. We all live with that in the law. We live with that in our private practices. Government agencies have to live with that too. Prosecutors do it. And it's a fair law. And I'm urging the court to apply the standard that the dissent used in this case because the essence or the gist of the case is what we should be looking at. We shouldn't be parsing and slicing and looking at how these rules violations are worded. It's the same incident. The evidence is the same. The witnesses are all the same. This is an allegation of unreasonable force with some other charges that were tossed in that the majority of the board said salvaged the case. But we're not going to address this issue, which you referred to, Justice Pierce, about the lay, until there's some kind of sanctions on one of these cases. So I appreciate the time. I have a few minutes for rebuttal if you have any more questions. Thank you. Very well. Thank you. Mr. Hooper. Good morning. May it please the court, Justin Hooper for the superintendent. The police board properly concluded that the statute of limitations does not bar the charges that led to Castro's discharge. The plain language of the statute applies only if a charge is based upon an allegation of the use of unreasonable force by a police officer. And the first part of that is the focus on the charge. And a charge is generally defined as a formal accusation of an offense as a preliminary step to prosecution. The overall Supreme Court has construed the term based upon to mean to form the foundation or essence of the offense. The United States Supreme Court has similarly interpreted based upon to indicate the elements of a claim that must be proven to prevail. Here, none of the charges that were filed by the superintendent were based upon, thus founded upon, or required proof of unreasonable use of force. Indeed, at the police board hearing, Castro's own counsel stated that, quote, there's no charge brought with regards to any kind of excessive force. And the plain language of the statute focuses on the basis of the particular charge, not whether there is any underlying allegation of force at all in the incident. The charges that Castro violated CPD rules by transporting allowing him to break out the window of a police vehicle and escape, and most importantly, by lying about the incident afterwards, do not require any proof of unreasonable force. In Castro's contrary interpretation... He threw him out of the car. He threw him out of the vehicle into another place and broke his, took his teeth out. Your Honor, Mr. Jackson alleged that he was thrown into the vehicle. Into the vehicle. And then he kicked the window out because he was scared. And he reached outside the car and was able to escape that way. And in fact, the witness who was working at the restaurant recalled seeing someone hanging outside of a, hanging out the window of a police car at the intersection. So there was cooperation of this incident. In fact, our appeal of this incident isn't even disputed anymore. These are serious... Misconduct. This is serious misconduct. And the officer afterwards lied about it. And that lie alone is sufficient grounds for discharge. Well, why did they bring that action because he lied a year and a half after the event? No, Your Honor. Respectfully, because of the way that the ordinances, the statutes, and the CBA, the Collective Bargain Agreement all work together, the superintendent's ability to take action on any allegations of misconduct are limited until IPR's investigation is over. IPR, the Independent Police Review Authority, has to investigate and make a recommendation to the superintendent before he can bring charges. And unless there are charges brought in a police board hearing, the superintendent actually can't take action to suspend the officer. I understand that. But it's basically the city investigated this claim of Mr. Jackson. And it waited six years before charges were initiated. Why should that be tolerated when the investigation was essentially completed within a couple of months about whether Mr. Jackson was confronted by the officer, mistreated by the officer, and he filed a false report about the mistreatment according to the position of the police board at the conclusion of the hearing? Why would it take six years to do that? Your Honor, specifically for why it happened, it's unfortunate that it did, obviously. No, no, no. But should that be allowed? It should be allowed because the General Assembly has chosen only to place a statute of limitations upon charges that are based upon an allegation of unreasonable force. Besides that, the General Assembly has not created any statute of limitations that applies to other charges. If the General Assembly had wanted to create a statute of limitations that was generally applicable to any police misconduct, it could have easily done that. But instead, it chose to limit the statute of limitations to charges based upon an allegation of unreasonable force. Is the General Assembly being unfair by not placing a limitation period on these other acts that don't involve unreasonable use of force? Respectfully, no, Your Honor. These are issues that involve the public trust, that affect the public. And generally, when dealing with such issues, the general rule is that there is no statute of limitations that applies to the government and to the public. The general rule of no one's temperment applies when you have a functionary of the government who makes a mistake and they would prejudice the public. And this is a special exception that has been created to benefit the officers in a very limited circumstance. And that circumstance is the circumstance of a charge based on an allegation of unreasonable force. Besides that, the general rule applies. And the General Assembly, who is in the position to determine what is fair and what should be a matter of public policy, has spoken. And it's spoken clearly that in other cases that don't involve the use of unreasonable force, that those allegations, those charges should be allowed to be brought whenever it's in the public interest. And here, certainly, particularly the charges that this officer lied about this incident. If the officer had not lied about the incident, if he had simply told the truth at the time, there would have been no need for an investigation that could be extended. But instead, he chose to lie about it and to commit other acts of misconduct along the way. And for those reasons, it's not unfair for him to be prosecuted once the charges are properly presented to him. Are you suggesting that because the officer lied that restrained or prohibited the superintendent from bringing these charges for six years? This, that was not the main cause here. But certainly, if the officer had told the truth in the first instance, what happened was that the officer did not. And so there were lab results that were sent off to the Illinois State Police Laboratory for, I mean, they're not lab results. Those are actually samples of glass that were collected from these various sites to try to corroborate Mr. Jackson's allegations that contradicted the officer's statements. And those glass fragments went out. It took more than a, it took almost a year for those glass fragments to be tested and for the results to come back. And the filing went open during that time. And because of that... Well, we're talking about then five years after that, the superintendent got around to filing charges. Well... The issue here, according to the way it's framed by Mr. Castro, is that there should be a limitation on the amount of time it takes to confront an officer, bring charges, allow him to defend it and get a resolution of both the complaint and the defense. So the question is, you don't think that there's any limitation on the superintendent's ability to bring non-excessive force charges? No. Respectfully, Your Honor, there's no statute of limitations to those other charges. But laches always applies. And the Illinois Supreme Court has said in the Van Milliken case that laches applies against the government. However, it requires a deterrent of extraordinary circumstances and of actual prejudice. The officer Castro actually made a laches argument before the case. He was able to evidence prejudice or compelling circumstances that justified laches. So for that reason, the separate time law of laches did not apply. There's no statute of limitations. Laches was not proven. And for that reason, these charges are perfectly proper and were a reason to discharge Officer Castro. Do you know why the legislation was enacted in 1992? From my recollection of the history was that it all came to a head from the revelations of the Burge allegations that for that reason, a member of the General Assembly decided that there should be some limitation on going back in time. When it came to charges that someone had been abused or had had force applied to them, that there should be some limitation to those charges. Now, the General Assembly, though, did not choose in any way to limit any other charges. And it could have, but it did not. Well, you would agree that every time an allegation of unreasonable use of force is made, and it's denied by an officer, right, that proving or establishing to the board satisfaction that the officer filed a lie or a false report, it's your contention is that report aspect of the charge can be brought at any time? That's correct, Your Honor. Absolutely. One of the most important things for an officer What's the sense of that? The sense of that is that an officer is expected to be trustworthy and honest. And in addition to that, he must be credible when he's presented in court. And once his credibility has been brought into question by false statements, he no longer is fit to be an officer, both because he has violated that public trust that was placed in him, and also because he can no longer be relied upon to be a credible witness on behalf of the government going forward in criminal and civil cases that involve his testimony. But the point is, so what your contention is that the city is therefore allowed to ten years later raise the issue of the validity of the report as a basis for discharging the charge? Yes, Your Honor. Even though the initial allegation of excessive force could have been resolved and should have been resolved within five years? Yes, Your Honor. Our position is that a charge based on that lie is a separate charge that does not involve an allegation of excessive force, but rather involves an allegation of dishonesty by the officer. And that is a separate act of misconduct that itself is a dischargeable cause for no longer being an officer. So, in your mind, in the superintendent's mind, any non-excessive force charge can be brought at any time during the officer's career? Following the proof of latches, that is correct, Your Honor. Anything further? Unless there are any further questions, Your Honor, we would ask that the court affirm the police force decision. Thank you. Thank you. Mr. Needham. Thank you. I just have one point to make, and that is that if what the city is suggesting is the rule, that approach guts or eats up the whole timeline. Because in the context of an excessive force allegation or unreasonable use of force, the officers always write reports. It is what they do. It is part of their job. They write reports about everything they do. They write an arrest report. The Chicago Police Department has a report called a TRR, or tactical response report. So if that can be brought, if the essence of the charge or the underlying incident is one involving a question of whether or not the officer used too much force, then that report can be used to fire the officer for the rest of his career. And then we don't even have a statute of limitations. That is why the city's approach is unworkable. And that is why I suggest the best way to do it is to apply the same standard that the dissenters at the police board use, which is that if the underlying incident or the essence of the case is one of excessive force, then it has to be brought in five years. That is plenty of time for the superintendent to give you witnesses, analyze glass, or do whatever is necessary to bring a case. Let me ask you a question. One of the charges brought against Officer Castro dealt with verbal abuse, correct? And that was dismissed by the board on the basis of the statutory five-year statute of limitations. Now, did the board, in your judgment, consider that to be arising out of an excessive use of force allegation? Yes. When the board explained it, they said the Rule 9 violation, which is an unjustified verbal altercation, that was part and parcel of the entire incident. I don't think they used that phrase, part and parcel, but that was the board said they can't take any action on the verbal altercation because it happened at the same time involving the same set of dynamics as the physical altercation. In your experience of handling police-related charges, has verbal abuse ever been equated with excessive force? The charges, they sometimes are brought at the same time, but more frequently you have an allegation of verbal abuse with no one being touched or hurt. You have that. That's actually fairly common as far as an allegation. But not considered excessive force? No. Just verbal? Right. Counsel, the city maintains that the fact that Mr. Castro is a public servant justifies the fact that there's no limitation period for certain acts of misconduct. What do you say about that? Well, look. Does his status justify the fact that there's no limitation period? The statute is premised on, and it applies to police officers, so the General Assembly when they applied that, when they adopted this five-year time limit, obviously knew what they were doing. After this incident in August of 2006, he continued as a public servant doing the exact same job until November of 2012 when the charges were filed. I see the role of Castro as a police officer and a public servant should be a motivation for the people who are in charge of investigating these cases and making these decisions to move with some alacrity and professionalism, not to let these cases sit for years and years. So that's the extent. I agree. No one obviously has any disagreement with the fact that public officials and police officers especially should tell the truth, but this is basically a statute of limitations question. And we don't, the courts typically don't look for exceptions or try and impose a policy based on what we wish did happen. And I think that's part of the city's approach in this case. They wish the case had been brought sooner. They want the man fired. That's fine. But the law gave them five years to bring the charges and they didn't do it. They didn't even come close. Thank you. Thank you very much. We all appreciate the fine work both sides did on the briefing of this issue and we appreciate your arguments this morning. The matter is taken under advisement. The court is in recess.